IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Moses Beaufort, | ) | Civil Action No. 2:18-1569-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 19.) recommending the Court dismiss this case. For the reasons set below, the Court adopts the R & R as the order of the Court and the case is dismissed.

I. **Background**

On June 8, 2018, Plaintiff Moses Beaufort filed a Complaint under the Federal Tort Claims Act against Ralph H. Johnson VA Medical Center. (Dkt. No. 1.) On August 14, 2018, the Magistrate Judge gave Plaintiff twenty-one days to bring his complaint into proper form. (Dkt. No. 8.) Plaintiff substantially complied with the order, and filed an amended complaint on August 22, 2018. (Dkt. Nos. 10, 16.) The Magistrate Judge directed the Clerk to issue a summons to the Plaintiff for service. (Dkt. No. 16.) On January 18, 2019, the Magistrate Judge issued an R&R and advised Plaintiff to provide the Court with proof of service on the Defendant, or present good cause for his failure to do so, within ten days and recommended dismissing the case if Plaintiff failed to do so. (Dkt. No. 19.) This Court extended the period for another ten days on January 29, 2019. (Dkt. No. 24.) As of the date of this order, Plaintiff failed to provide the Court with proof of service on the Defendant or present good cause for such failure.

II. **Legal Standard**

## A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

## III. Discussion

The Magistrate Judge issued an order authorizing service upon receipt of Plaintiff's amended complaint. The order specifically advised Plaintiff that he is responsible for service of process. Federal Rule of Civil Procedure Rule 4(m) states that "[i]f a defendant is not served within ninety (90) days after the complaint is filed, the court…must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The time for service began to run on October 16, 2018, and the ninety (90) day period for service provided by Rule 4(m) expired on January 14, 2019. The Magistrate granted Plaintiff an additional ten days to submit proof of service after the filing of the R & R on January 18, 2019, warning Plaintiff that the failure to properly serve the complaint would result in this case being dismissed. (Dkt No. 19.) On January 29, 2019, this Court granted the Plaintiff an additional ten days to submit proof of service. (Dkt. No. 24.) Plaintiff failed to provide the Court with proof of service or present good cause to the Court for failure to serve the Defendant. Therefore, the case is dismissed. *See* Fed.R.Civ.P. 4(m).

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 19.) is **ADOPTED** as the Order of the Court, and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court

February 12, 2019.
Charleston, South Carolina